IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEX JERMAINE BROWN (TDCJ No. 2053623), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:17-cv-486-B-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Alex Jermaine Brown, then a Texas inmate, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The State filed a response opposing relief. *See* Dkt. No. 15. And Brown has filed, among other things, a reply brief. *See* Dkt. No. 21. For the reasons explained below, the Court should deny Brown's federal habeas petition.

**Applicable Background**

"Brown was convicted, following his negotiated guilty plea, of aggravated assault with a deadly weapon. The trial court followed the plea agreement and sentenced [him] to two-and-one-half years' imprisonment." *Brown v. State*, No. 05-16-00371-CR, 2016 WL 1355180, at *1 (Tex. App. – Dallas Apr. 5, 2016, no pet.); *see State v. Brown*, No.

F15-54010-S (282d Jud. Dist. Ct., Dallas Cty., Tex.). Because he "waived his right to appeal as part of the plea agreement" and "[t]he trial court certified that [Brown] has no right to appeal," the Dallas Court of Appeals dismissed his direct "appeal for want of jurisdiction." *Brown*, 2016 WL 1355180, at *1 (citations omitted). And Brown did not file a petition for discretionary review with the Texas Court of Criminal Appals ("CCA"). *See* Dkt. No. 15-1 at 15.

But he did file a state application for a writ of habeas corpus, raising claims that his attorney was constitutionally ineffective because Brown entered an unknowing appellate waiver and/or unknowing and unsupported guilty plea; that he was denied his right to a jury trial; that he was denied "Due Process Generally"; that there was insufficient evidence to convict him; and that he seeks "to overturn [his] plea of guilty." *Id.* at 17-34. Ultimately, the CCA denied his application without written order. *See Ex parte Brown*, WR-86,044-01 (Tex. Crim. App. Dec. 21, 2016); Dkt. No. 15-1 at 36.

In his timely-filed federal habeas application, Brown raises some five grounds for relief, some of which are not exhausted.

## Legal Standards and Analysis

I.  <u>Unexhausted Claims</u>

The State argues that three of Brown's federal habeas claims are unexhausted – (1) that his counsel was constitutionally ineffective because counsel "was not direct about parole" in Texas; (2) that the State made prejudicial remarks before the plea proceeding; and (3) that he was forced to plea guilty because he could not plea no contest. Dkt. No. 3 at 6-7; Dkt. No. 15 at 7-12.

-2-

Brown admits that the second claim above was not made in the state habeas proceeding. *See* Dkt. No. 3 at 8.

As for the first and third, claims raised in a Section 2254 petition that contain "material additional factual allegations and evidentiary support ... that were not presented to the state court" are unexhausted. *Campbell v. Dretke*, 117 F. App'x 946, 957 (5th Cir. 2004) ("'The exhaustion requirement is satisfied when the substance of the habeas claim has been fairly presented to the highest state court' so that a state court has had a 'fair opportunity to apply controlling legal principles to the facts bearing on the petitioner's constitutional claim.'" (quoting *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004))); 28 U.S.C. § 2254(b)(1)(A).

Exhaustion in this context requires "more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law." *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quoting, in turn, *Rose v. Lundy*, 455 U.S. 509, 518 (1982))). "It is not enough," therefore, "that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam)).

While the first and third claims above may be "somewhat similar" to some claims made in the state habeas proceeding, Brown has not fairly presented the

substance of those claims to the CCA and has therefore failed to exhaust them. *Cf. Nickleson*, 803 F.3d at 753 ("It might be contended that Nickleson effectively raised in the state courts each of the underlying errors on which his claim of fundamental unfairness depends, and it is but a small step for this court consequently to evaluate their ultimate impact.... To take this step here, however, would displace the federal habeas authorities just cited ....").

Unexhausted claims should be found procedurally barred if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Texas law precludes successive habeas claims except in narrow circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 11.071, § 5. This is a codification of the judicially created Texas abuse-of-the-writ doctrine. *See Barrientes v. Johnson*, 221 F.3d 741, 759 n.10 (5th Cir. 2000). Under this state law, a habeas petitioner is procedurally barred from returning to the Texas courts to exhaust his claims unless the petitioner presents a factual or legal basis for a claim that was previously unavailable or shows that, but for a violation of the United States Constitution, no rational juror would have found for the State. *See id.* at 758 n.9. Therefore, unexhausted claims that could not make the showing required by this state law would be considered procedurally barred from review on the merits in this Court unless an exception is shown. *See Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001); *see also Castillo v. Stephens*, 640 F. App'x 283, 298 (5th Cir. 2016) (per curiam) ("The federal district court held correctly that

under Texas' regularly and strictly applied abuse of the writ rule, such a claim would now be procedurally barred from state habeas review." (citing *Nickleson*, 803 F.3d at 754)).

An exception to this bar allows federal habeas review if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. But the three unexhausted claims made here are procedurally barred because Brown has not shown that those claims would be allowed in a subsequent habeas proceeding in state court under Texas law. Nor has he asserted the "fundamental miscarriage of justice" exception to procedural bar.

II.  Exhausted Claims

Brown's remaining claims – (1) that the evidence was not sufficient to support his guilty plea and (2) that his counsel was constitutionally ineffective for failing to raise this sufficiency argument – were fairly presented to the CCA. *See* Dkt. No. 15-1 at 22-31.

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")]" under "28 U.S.C. § 2254(d)").

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. \_\_\_, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the AEDPA prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Pierre v. Vannoy*, 891 F.3d 224, 227 (5th Cir. 2018) (a petitioner's lack of "Supreme Court precedent to support" a ground for habeas relief "ends [his] case" as to that ground).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation

of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to

show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Richter*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *cf. Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a

petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. That is, a petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

### A.     Insufficient Evidence

A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

The United States Court of Appeals for the Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). And these core concerns are addressed by the admonishments contained in article 26.13 of the Texas Code of Criminal Procedure. *See, e.g., Ojena v. Thaler*, No. 3:10-cv-2601-P-BD, 2011 WL 4048514, at *1 & n.1 (N.D. Tex. Aug. 25, 2011), *rec.*

*adopted*, 2011 WL 4056162 (N.D. Tex. Sept. 12, 2011). "Nonetheless, the issue of whether the state trial court followed the statute is nondispositive. Instead, a guilty plea will be upheld on habeas review if it is entered into knowingly, voluntarily and intelligently." *Dominguez v. Director, TDCJ-CID*, No. 6:14cv49, 2014 WL 2880492, at *3 (E.D. Tex. June 23, 2014) (citing *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000); *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995)).

First, the CCA's conclusion – necessarily made in denying Brown's habeas application without a written order – that his plea was voluntary, knowing, and intelligent is supported by the findings made by the state trial court:

> Applicant's guilty plea was taken on the record on March 1, 2016. Applicant admitted on the record that he understood his constitutional and statutory rights. Applicant admitted that he agreed with the guilty plea Attorney Edwards entered on Applicant's behalf and also admitted that he was pleading guilty freely and voluntarily and was entering his guilty plea only because he was guilty of the crime charged. Applicant admitted under oath in open court that Attorney Edwards had provided Applicant with redacted copies of the offense reports and had permitted Applicant to look at the photographs the State intended to offer into evidence. Applicant in no way asserted that he had wanted additional time to consider the State's plea bargain offer or that he felt that he was being rushed into accepting the State's plea bargain offer. The only questions Applicant raised during the guilty plea proceedings pertained to whether he would be permitted to enter a no contest plea. Applicant was told and understood that the State was requiring the entry of a guilty plea by Applicant as part of the plea bargain agreement.
> This Court subsequently received a letter from Applicant dated March 3, 2016. In that letter, Applicant included a profile picture of bow-and-arrow holding Cupid angel and discussed a number of matters, including the possibility of a reality show in which Applicant and this Court would be in a dating relationship. In the letter of March 3, 2016, Applicant included no assertions whatsoever to the effect that he had felt rushed into accepting the State's plea bargain offer, that he had not desired to enter into the plea bargain agreement with the State, or that

> he wished to lodge any complaints whatsoever regarding the performance of Attorney Edwards.

Dkt. No. 16-10 at 73-74.

This necessary conclusion is further supported by the written plea admonishments, *see* Dkt. No. 15-1 at 10 (advising Brown of the charge against him and the range of punishment – 2 to 20 years of incarceration); the judicial confession, *see id.* at 13; and the jury waiver, *see id.* at 10-12. These representations by a defendant during plea proceedings carry a strong presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985) (official documents, such as a written plea agreement, "are entitled to a presumption of regularity and are accorded great evidentiary weight"); *see also Dominguez*, 2014 WL 2880492, at *3 ("The 'knowing' requirement that a defendant 'understands the consequences of a guilty plea' means only that the defendant understands the maximum prison term and fine for the offense charged." (quoting *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (citing, in turn, *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)))); *cf. Ex parte Huskins*, 176 S.W.3d 818, 821 (Tex. Crim. App. 2005) (en banc) ("While a deadly-weapon finding does affect a defendant's eligibility for probation and parole, it does not alter the range of punishment to which the defendant is subject, or the number of years assessed." (footnote omitted)).

And, considering these representations against the trial court's detailed findings, Brown fails to show that the CCA's necessary conclusion that his guilty plea was entered voluntarily, knowingly, and intelligently amounts to either an unreasonable

application of clearly established federal law or an unreasonable determination of the evidence.

This determination consequently precludes this Court form considering Brown's claim that there was insufficient evidence to support his guilty plea. *See Smith v. McCotter*, 786 F.2d 697, 702-03 (5th Cir. 1986) ("'No federal constitutional issue is raised by the failure of the Texas state court to require evidence of guilt corroborating a voluntary plea.' The *Jackson v. Virginia*, 443 U.S. 307 (1979), mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a guilty plea." (quoting *Baker v. Estelle*, 715 F.2d 1031, 1036 (5th Cir. 1983); citing *Kelley v. Alabama*, 636 F.2d 1082, 1083-84 (5th Cir. Feb. 1981))); *see also Tristan v. Stephens*, No. 3:12-cv-2828-P-BK, 2013 WL 4561331, at *3 (N.D. Tex. Aug. 28, 2013) (further noting that, "under Texas state law, a judicial confession is sufficient evidence of guilt in a felony criminal case in which a defendant enters a guilty plea" (citing *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009))); *Wisener v. Thaler*, No. 4:09-cv-359-Y, 2010 WL 546738, at *4 (N.D. Tex. Feb.17, 2010) ("[T]o the extent [that the petitioner] complains ... that there was insufficient evidence to support his conviction, ... [a] matter[ ] unrelated to the voluntariness of his plea, the claim[ is] nonjurisdictional and [is] waived by the plea." (citing *United States v. Broce*, 488 U.S. 563, 573-74 (1989))).

### B.   Ineffective Assistance

Brown has properly exhausted, in sum, a claim that his counsel's failure to challenge the sufficiency of the evidence in support of his guilty plea denied him his

-13-

Sixth Amendment right to effective assistance of counsel. *See* Dkt. No. 3 at 6.

The Court reviews claims concerning the alleged ineffective assistance of counsel ("IAC"), whether at trial or on direct appeal, under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a habeas petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *See id.* at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687; *see also Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 775 (2017) (reaffirming that "[i]t is only when the lawyer's errors were 'so serious that counsel was not functioning as the "counsel" guaranteed ... by the Sixth Amendment' that *Strickland*'s first prong is satisfied" (citation omitted)).

The petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See Strickland*, 466 U.S. at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the

basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover,"[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Richter*, 562 U.S. at 110. "The Supreme Court has admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

Therefore, on habeas review under AEDPA, "if there is any 'reasonable argument that counsel satisfied *Strickland*'s deferential standard,' the state court's denial must be upheld." *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) (quoting *Richter*, 562 U.S. at 105).

To demonstrate prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Richter*, 562 U.S. at 111. "Instead, *Strickland*

asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case." *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

IAC claims are considered mixed questions of law and fact and are therefore analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where the state court adjudicated ineffective-assistance claims on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *see also Rhoades*, 852 F.3d at 434 ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)." (citation omitted)).

In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in

tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

In other words, AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland*. *See id.* at 101-02. Instead, on federal habeas review of a claim that was fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101; *see also Woods v. Etherton*, 578 U.S. ___, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of ineffective-assistance-of-counsel claims is "doubly deferential" "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'"; therefore, "federal courts are to afford 'both the state court and the defense attorney the benefit of the doubt'" (quoting *Burt*, 571 U.S. at 22, 15)); *Johnson v. Sec'y, DOC*, 643 F.3d 907, 910-11 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

The undersigned has reviewed the state habeas court's findings and conclusions as to the applicable IAC claim, *see* Dkt. No. 16-10 at 68-77, and, because not one amounts "to an unreasonable application of *Strickland* or an unreasonable determination of the evidence," *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2)), Brown fails to show that his Sixth Amendment right to effective counsel was violated.

He also has not shown that these state-court determinations are unreasonable by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see Bass v. Morgan*, 653 F. App'x 299, 302 (5th Cir. 2016) (per curiam) ("Bass has not shown prejudice because he has not shown 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' Thus, Bass has not shown that the state court's decision was contrary to or an unreasonable application of *Strickland* or an unreasonable determination of facts in light of the evidence presented in the state court proceeding." (citations omitted); *cf. King v. Davis*, 898 F.3d 600, 605 (5th Cir. 2018) (affirming that establishing *Strickland* prejudice in this context "requires showing not only that the petitioner would have gone to trial, but also 'that going to trial ... would have given him a reasonable chance of obtaining a more favorable result'" (quoting *United States v. Shepherd*, 880 F.3d 734, 743 (5th Cir. 2018))).

**Recommendation**

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 6, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE